## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

RAPHAEL BELL,

        Petitioner,

   v.                        Case No. 12-14964
                                   HON. TERRENCE G. BERG

WARDEN KEN TRIBLEY,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (DKT. 8), DISMISSING HABEAS CORPUS PETITION WITH PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Raphael Bell, *pro se*, has petitioned the Court under 28 U.S.C. § 2254 for a writ of habeas corpus. The matter is now before the Court on Respondent Ken Tribley's motion for summary judgment and dismissal of the habeas petition. Petitioner is attempting to challenge his Wayne County convictions for armed robbery and possession of a firearm during the commission of a felony (felony firearm) on the basis of ineffective assistance of counsel. However, Respondent maintains that the habeas petition is barred by the one-year statute of limitations.

As stated further below, the Court agrees that the petition is time-barred. Therefore, Respondent's motion (Dkt. 8) is GRANTED and the habeas petition is DISMISSED.

## I.    FACTUAL BACKGROUND

Following a jury trial in Wayne County Circuit Court in January 2009, Petitioner was found guilty of armed robbery (MCL § 750.529) and felony firearm (MCL § 750.227b).  On February 5, 2009, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of ten to twenty years in prison for the armed robbery conviction.

Petitioner appealed his convictions as of right, alleging that he was denied effective assistance of trial counsel because his attorney failed to object to the admission of "other acts" evidence.  The Michigan Court of Appeals found no merit in Petitioner's claim and affirmed his convictions in an unpublished, per curiam opinion.  *See People v. Bell*, No. 290536, 2010 WL 3564833 (Mich. Ct. App. Sept. 14, 2010).  The Michigan Supreme Court subsequently denied Petitioner leave to appeal because it was not persuaded to review the issue presented.  *See People v. Bell*, 795 N.W.2d 135 (Mich. March 29, 2011) (table).

Following the Michigan Supreme Court decision, Petitioner did not seek review from the United States Supreme Court, and the deadline for doing so expired on June 27, 2011.[1]  Petitioner also chose not to file any post-conviction motions for relief from judgment in state court, as contemplated by Michigan Court Rule 6.502.  Instead, he filed a federal habeas corpus petition in this Court on November 3,

---

[1] *See* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").

2012.[2]  The sole argument for relief made therein is that Petitioner was denied his Sixth Amendment right to effective assistance of counsel because his trial attorney failed to object to, or take a stance against, the admission of "other acts" evidence.

As noted above, Respondent now asserts, in a motion for summary judgment, that Petitioner's claims are untimely and thus barred from substantive review. Petitioner had until June 12, 2013 to file a written response to Respondent's motion; however, no response has been filed.

## II.     ANALYSIS

### A.     AEDPA's One-Year Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitation for state prisoners to file petitions for federal habeas corpus relief.  *See Wall v. Kholi*, 562 U.S. ----, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)).  The period of limitation runs from the latest of four specified dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application  created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Although the Clerk of the Court received and filed the petition on November 7, 2012, Petitioner signed and dated it on November 3, 2012.  "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing," *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir.), *cert. denied*, 133 S. Ct. 141 (2012), and the petition is presumed to be handed to prison officials for filing with the Court on the day that the petitioner signed and dated the petition under penalty of perjury.  *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).  The Court therefore deems Petitioner's habeas petition to have been filed on November 3, 2012.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not arguing for relief on the basis on a new constitutional right or on newly discovered evidence, and has not alleged that the State created an impediment to filing a timely habeas petition. Consequently, in this case, the period of limitation necessarily began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of subsection 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). When an inmate, like Petitioner, chooses not to seek direct review in the Supreme Court, their conviction becomes final when the time for filing a certiorari petition expires. *Id.*

4

Here, Petitioner's convictions became final on June 27, 2011, ninety days after the Michigan Supreme Court denied leave to appeal.  *See supra* n.1.  The one-year period of limitations began to run on the following day,[3] and it expired one year later, on June 28, 2012.  Petitioner's habeas petition, however, was signed and dated more than four months after that, on November 3, 2012.  Moreover, Petitioner did not file an application for state post-conviction or other collateral review, as required for statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2).  Thus, absent an applicable exception to the limitations period, the habeas petition is untimely.

**B.     Exceptions to AEDPA's Limitations Period**

**a. Equitable Tolling**

AEDPA's statutory limitations period is not a strict jurisdictional rule; rather, it "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S ----, 130 S. Ct. 2549, 2560 (2010).  But the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for

---

[3] See *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002) (noting the day of the act, event, or default from which the designated period of time begins to run shall not be included).

5

determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied*, 133 S. Ct. 187 (2012).

Petitioner was not diligent in pursuing his rights and has not alleged that any extraordinary circumstances stood in his way of filing a timely habeas petition. As a result, Petitioner is not entitled to equitable tolling of the limitations period.

### b.  Actual Innocence

The Supreme Court recently held that actual innocence, if proved, may itself serve as a legal basis that would allow consideration of a habeas petitioner's constitutional claims despite the expiration of the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. ----, 133 S. Ct. 1924, 1928 (2013).  However, "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner does not claim to be actually innocent.  Therefore, this avenue of argument is unavailable, and AEDPA's limitations period applies.  *McQuiggin*, 133 S. Ct. at 1933 ("AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made.").

\* \* \*

Petitioner filed his habeas petition more than one year after his convictions became final, he is not entitled to either statutory or equitable tolling of the

limitations period, and he has not made a showing of actual innocence. Consequently, Petitioner's habeas petition is untimely and review of the petition is barred by AEDPA's limitations period.

## IV.   CERTIFICATE OF APPEALABILITY

When a federal district court issues an adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. Reasonable jurists would not find the Court's procedural ruling

7

debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner is denied a certificate of appealability. The Court similarly denies Petitioner leave to appeal *in forma pauperis* because any appeal would be frivolous. *See Allen v. Stovall*, 156 F.Supp.2d 791, 798 (E.D. Mich. 2001).

### III.   CONCLUSION

Based upon the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment (Dkt. 8) is **GRANTED**, and the Petition for a Writ of Habeas Corpus is **DISMISSED**.

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.


Dated:  August 22, 2013                         s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 22, 2013, using the CM/ECF system; a copy of this Order was also addressed to Plaintiff's attention and mailed to the Baraga Correctional Facility.

                                                s/A. Chubb
                                                Case Manager

8